# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NIAJA BROWN** | : | **CIVIL ACTION** |
| *Plaintiff-Pro se* | : | |
| | : | **NO. 18-2363** |
| **v.** | : | |
| | : | |
| **THE CHILDREN'S HOSPITAL OF PHILADELPHIA** | : | |
| | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                                  NOVEMBER 9, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

Niaja Brown ("Plaintiff"), proceeding *pro se*, filed an amended complaint against her former employer, The Children's Hospital of Philadelphia ("Defendant"), in which she asserts claims of unlawful discrimination based on a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII"). [ECF 10]. Plaintiff essentially asserts that Defendant unlawfully terminated her employment after failing to accommodate her unspecified religious beliefs.

Before this Court is Defendant's *motion to dismiss* the amended complaint for failure to state a claim upon which relief can be granted filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). [ECF 17]. Plaintiff has opposed the motion. [ECF 18]. The issues presented have been fully briefed and, therefore, this matter is ripe for disposition. For the reasons set forth herein, Defendant's motion to dismiss is granted.

**BACKGROUND**

When ruling on a motion to dismiss, a court must accept as true all the factual allegations in the operative complaint and construe the complaint in the light most favorable to the non-movant. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). As noted, Plaintiff's amended complaint essentially avers that Defendant unlawfully discriminated against her by terminating her employment because of some unspecified religious belief. Briefly, the relevant facts in Plaintiff's amended complaint are as follows:

> Prior to the termination of her employment on December 5, 2017, Plaintiff had been an employee of Defendant, a Philadelphia-based children's hospital, for fifteen (15) years. (Amend. Comp. ¶1). Beginning in 2012, Defendant mandated that all employees receive a flu shot. (*Id*. at ¶3). Plaintiff alleges that she indicated on a "questionnaire" that she opposed getting a flu shot. (*Id*.). In November 2017, Plaintiff told her manager that she "could no longer go against [her] beliefs and obtain the flu shot." (*Id*. at ¶4). Plaintiff then told a supervisor that because "she did not have a pastor to validate her beliefs," she wished to remove her consent to receiving the flu vaccination. (*Id*. at ¶5). A week later, a supervisor asked Plaintiff whether she had received the flu vaccination; Plaintiff said "no." (*Id*. at ¶6). Plaintiff then "asked why [she] was being force[d] to obtain the shot when in former years" she had "proven to remain healthy due to [her] African Holistic Health lifestyle." (*Id*.). Plaintiff's employment was terminated on December 5, 2017. (*Id*. at p. 4).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id*. (citation and internal

quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to "'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

Defendant moves to dismiss Plaintiff's claim on the ground that Plaintiff has failed to allege sufficient facts to support the requite elements of a Title VII religious discrimination claim. Despite a liberal reading of Plaintiff's amended complaint, this Court agrees and finds that Plaintiff has failed to allege the facts necessary to assert a viable Title VII religious discrimination claim.

Title VII prohibits employers from discriminating against an individual in hiring, discharge, compensation, term, conditions, or privileges of employment on the basis of his or her religion. 42 U.S.C. §2000e-2(a)(1); *Webb v. City of Philadelphia*, 562 F.3d 256, 259 (3d Cir. 2009) (citing 42 U.S.C. §2000e–2(a)(1)). Title VII extends protection to "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on the . . . employer's business." 42 U.S.C. §2000e(j). To establish a claim for

3

religion-based employment discrimination, employees may rely on either a theory of "disparate treatment" or a "failure to accommodate." *Abramson v. William Paterson College of N.J.,* 260 F.3d 265, 281 (3d Cir. 2001); *Wallace v. City of Philadelphia*, 2010 WL 1730850, at *6 (E.D. Pa. Apr. 26, 2010). Plaintiff purports to bring a claim under the "failure to accommodate" theory.

Title VII requires employers to make reasonable accommodations for their employees' religious beliefs and practices unless doing so would result in "undue hardship" to the employer. *See* 42 U.S.C. §2000e(j). To plead a claim of religion-based employment discrimination under the theory that an employer failed to accommodate a plaintiff's religious beliefs, Plaintiff must allege facts sufficient to show that: (1) she holds a sincere religious belief that conflicts with a job requirement; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement. *See Webb*, 562 F.3d at 259 (citing *Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 224 (3d Cir. 2000)).

Here, Plaintiff's second amended complaint fails to plead or identify a sincerely held religious belief that conflicted with Defendant's policy of annual flu vaccines. Plaintiff alleges only that she advised Defendant on a questionnaire that she was opposed to getting a flu shot. (*See* Amend. Comp. at ¶3). Nowhere in her amended complaint, however, does Plaintiff identify any particular religious belief that she held and/or that conflicted with Defendant's requirement that all employees receive a flu vaccination.

In addition, because an "employee's religion . . . is often unknown to the employer," the United States Court of Appeals for the Third Circuit has required "that employees [have] informed their employers of their religious beliefs prior to the alleged discriminatory action" in order to make out a *prima facie* case for discharge on account of religion. *Geraci v. Moody–*

*Tottrup, Intern., Inc.*, 82 F.3d 578, 581 (3d Cir. 1996) (citing *Protos v. Volkswagen, Inc.*, 797 F.2d 129, 133 (3d Cir. 1986)); *see also Morrison v. Access Services, Inc.*, 2014 WL 5286604, at *4 (E.D. Pa. Oct. 15, 2014). Plaintiff's amended complaint is, however, silent with respect to whether Plaintiff advised Defendant of any particular religious beliefs that she held. Plaintiff also fails to allege that she advised her employer as to a conflict between any particular religious belief she held and Defendant's requirement that its employees get a flu shot. In the absence of such essential facts, Plaintiff's Title VII religious discrimination claim fails.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.